# United States District Court

## SOUTHERN DISTRICT OF INDIANA

**UNITED STATES OF AMERICA**

**V.**

**LOWELL NUSBAUMER, JR.**

**CRIMINAL COMPLAINT**

CASE NUMBER: 1:16-mj-00214

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.  On, about, or between January 1, 2013 and June 30, 2015, in Marion County, in the Southern District of Indiana, the defendant did,

Count 1: Sexual Exploitation of a Child
Count 2: Possession of Child Pornography

in violation of Title 18, United States Code, Sections 2251(a) and 2252(a)(4)(B).   I further state that I am a Task Force Officer, and that this complaint is based on the following facts:

See attached AFFIDAVIT

Continued on the attached sheet and made a part hereof.

_____
Det. Darin Odier, Task Force Officer - FBI

Sworn to before me, and subscribed in my presence

March 24, 2016
**Date**

at   Indianapolis, Indiana

_____
Mark J. Dinsmore, U.S. Magistrate Judge
**Name and Title of Judicial Officer**

Signature of Judicial Officer

## **AFFIDAVIT**

I, Darin Odier, hereby depose and state as follows:

1.      **Affiant**: I am a Detective in the Cybercrime Unit of the Indianapolis Metropolitan Police Department. I am also a cross designated Task Force officer assigned to the FBI Indianapolis Violent Crimes Against Children Task Force.

2.      **Experience**: I have over 25 years of law enforcement experience. I have investigated State and Federal criminal violations related to high technology or cybercrime, child exploitation, and child pornography. I have written numerous search warrants involving internet crimes against children cases and participated in their execution.

3.      **Training**: I have attended the National Crimes Against Children Conference multiple times and attended numerous classes related to investigating the online sexual exploitation of children. I am also a member of the Indiana Internet Crimes Against Children Task Force, which includes numerous federal, state and local law enforcement agencies. I am currently assigned to operate in an undercover capacity on the Internet to identify and investigate persons attempting to exploit or solicit sexual acts with children or trafficking in child pornography. As a Task Force Officer, I am authorized to investigate violations of the laws of the United States and to execute warrants issued under the authority of the United States.

4.      **Information provided**: The statements in this affidavit are based in part on information provided by the persons listed below. Because this

affidavit is being submitted for the limited purpose of securing an arrest warrant and criminal complaint, I have not included each and every fact known to me concerning this investigation.  I have set forth only the facts that I believe are necessary to establish probable cause that **LOWELL NUSBAUMER, JR.** has committed the following offenses:

      a.    **Count 1**:  Sexual Exploitation of a Child, in violation of 18 U.S.C. § 2251(a)

      b.    **Count 2:** Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

5.    **Requested action**:  I make this affidavit in support of an application for an arrest warrant for **LOWELL NUSBAUMER, JR.** for violating the above listed statutes.

6.    **Sexual Exploitation of a Child**:  The investigation concerns alleged violations of 18 U.S.C. § 2251(a) which prohibits a person from employing, using, persuading, inducing, enticing, or coercing any minor to engage in, or who has a minor assist any other person to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, knowing or having reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce

2

by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

7. **Possessing Child Pornography**: This investigation concerns also alleged violations of 18 U.S.C. § 2252 which prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any visual depictions of minors using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce, by any means including by computer, where the producing of such visual depiction involved the use of a minor engaging in sexually explicit conduct and such depiction was of such conduct.

8. **Definitions**: The following definitions apply to this Affidavit and its Attachments:

    a.    The term "minor," as defined in 18 U.S.C. § 2256(1), refers to any person under the age of eighteen years.

    b.    The term "sexually explicit conduct," 18 U.S.C. § 2256(2)(A)(i-v), is defined as actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic areas of any person.

    c.    The term "visual depiction," as defined in 18 U.S.C. § 2256(5), includes undeveloped film and videotape, data stored on

computer disc or other electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

      d.    The term "computer," as defined in 18 U.S.C. §1030(e)(1), means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

      9.    **The Investigation**:  On March 23, 2016 at 7:19PM, Officer Matt Jones with the Indianapolis Metropolitan Police Department was dispatched on the report of a disturbance to an address on Antigua Trail in Indianapolis. Upon arrival, Officer Jones was met by a woman whose identity is known to law enforcement.  For the purpose of this complaint affidavit, this woman will be referred to as "MOTHER."

      10.    The MOTHER reported that her current live-in boyfriend, LOWELL NUSBAUMER, JR. ("NUSBAUMER") had inappropriately touched her 12 year old daughter.  The MOTHER also reported that she had discovered in February of 2015, a video and images in NUSBAUMER's email depicting what appeared to be a nude juvenile female.  The MOTHER stated that she now believes that the video and images were of her 12 year old daughter ("CHILD VICTIM 1").

      11.    Officer Jones detained NUSBAUMER and requested assistance from the IMPD Child Abuse Unit.  Detectives Chris Lawrence and Jeffrey Scott

with the IMPD Child Abuse Unit responded to the Child Advocacy Center located at 4134 N. Keystone Ave and met with Officer Jones, MOTHER and CHILD VICTIM 1.

12.   Detectives Scott and Lawrence of IMPD interviewed MOTHER on March 23, 2016 and learned the following:

a.   MOTHER had suspicions that her live-in boyfriend, NUSBAUMER, was being "unfaithful" in February of 2015, so she accessed his email account through her cellular telephone.

b.   In NUSBAUMER's email account, MOTHER found a video that was taken in the shower in her home depicting a young prepubescent female child.  MOTHER could not tell who the young female was, but heard and recognized NUSBAUMER's voice in the background of the video.

c.   In June 2015, MOTHER found images in NUSBAUMER's email of a female appearing to be a prepubescent female child in the bathtub.

d.   MOTHER said that NUSBAUMER's email account (which she accessed) was ******sevon@gmail.com (partially redacted).

e.   MOTHER forwarded the emails containing the video and images to her email account.

f.   After MOTHER found the images and videos in NUSBAUMER's email account, MOTHER asked CHILD VICTIM 1 if anyone had

taken videos or images of her in the shower or bathtub before and CHILD VICTIM 1 replied, "No".

g.  MOTHER reported to detectives that, in the past six months, CHILD VICTIM 1's "attitude has changed".

h.  MOTHER said that she has two other children in her home, one being a 17 year old female ("CHILD WITNESS 1").

i.  MOTHER learned that CHILD WITNESS 1 also spoke with CHILD VICTIM 1 on March 23, 2016.

j.  CHILD WITNESS 1 relayed that CHILD VICTIM 1 said Lowell had "touched" her and that she "needed to talk to her mommy".

k.  MOTHER said that she arrived home at approximately 2:00PM on March 23, 2016.

l.  CHILD WITNESS 1 said that CHILD VICTIM 1 told her that Lowell had "touched" her on the side of her "privates" four or five times last year, around June, 2015.

m.  MOTHER said that after learning this, on March 23, 2016, MOTHER showed CHILD VICTIM 1 the images that she had forwarded to herself from NUSBAUMER's email account. MOTHER then asked CHILD VICTIM 1 if the images of the female were CHILD VICTIM 1. CHILD VICTIM 1 stated "yes" but said she does not remember anyone taking the photographs.

13.    Detective Lawrence asked the reporting officer to arrange for CHILD VICTIM 1 and MOTHER to go to the Child Advocacy Center.  A separate Officer transported NUSBAUMER to the Child Advocacy Center.

14.    The cellular phones belonging to NUSBAUMER and MOTHER were confiscated pending further investigation.

15.    Detective Lawrence and Forensic Child Interviewer Laura Fuhrmann conducted an interview with CHILD VICTIM 1, who reported the following:

    a.    CHILD VICTIM 1 said the last time that the suspect touched her was in June or July of 2015.

    b.    CHILD VICTIM 1 said she was lying on the couch in the living room watching television on her side.  NUSBAUMER entered the room and approached her.  NUSBAUMER told CHILD VICTIM 1 to let him sit down.  CHILD VICTIM 1 said that NUSBAUMER used his hand to touch her vaginal area underneath her shorts.  CHILD VICTIM 1 described that it was skin to skin and "it felt weird".  CHILD VICTIM 1 described that NUSBAUMER's hands penetrated the inside of her genitalia.

    c.    CHILD VICTIM 1 indicated that the touching began in January of 2015.  CHILD VICTIM 1 said NUSBAUMER would help her wash out her hair when her mother wasn't home.  CHILD VICTIM 1 said NUSBAUMER always had his cellular phone with him and it would happen when she took a bath.

7

16.   NUSBAUMER was interviewed by Detective Lawrence and this Affiant, Darin Odier.  After being advised of his *Miranda* rights, both orally and in writing, NUSBAUMER agreed to waive his rights and to speak to the detectives.

    a.   NUSBAUMER admitted taking four or five videos of CHILD VICTIM 1 while CHILD VICTIM 1  was nude in the bathtub

    b.   NUSBAUMER stated that he did not believe that CHILD VICTIM 1 knew she was being recorded.

    c.   NUSBAUMER stated that in each of these videos, CHILD VICTIM 1's vaginal area was exposed.

    d.   NUSBAUMER said that he produced those videos for sexual arousal and gratification.

    e.   NUSBAUMER admitted that one of the videos might have been when CHILD VICTIM 1 was taking a shower.

    f.   NUSBAUMER also admitted that after recording the videos, he masturbated while thinking about CHILD VICTIM 1.

    g.   NUSBAUMER said that while taking videos, he would sometimes take still images.

17.   MOTHER notified law enforcement that she had emailed the videos and images of her daughter from NUSBAUMER's email account to her email account, ****@gmail.com (partially redacted).  MOTHER gave Law Enforcement consent to access and take control of her email account.

18.     Detective Grant Melton of the Indianapolis Metropolitan Police Department logged into the account and changed the password, giving Law Enforcement sole access to the account.  Detective Melton located multiple images and a video of what appeared to be a minor child in a bathtub.

19.     This affiant showed one video and three images to NUSBAUMER.

a.      NUSBAUMER identified each recording as an image or video that NUSBAUMER produced with his cellular phone depicting CHILD VICTIM 1 in a bathtub.

b.      In three of the four recordings which NUSBAUMER identified, the nude vaginal area of CHILD VICTIM 1 was visible.

c.      In the video, a male's voice can be heard.  NUSBAUMER identified his voice in the video.  NUSBAUMER stated he may have tried to save the recordings from his phone to his email account, but has no specific recollection of doing so.

20.     MOTHER and NUSBAUMER have been dating for approximately three (3) years as of the time of this Affidavit.  MOTHER emailed the images from NUSBAUMER's account to her account in both February of 2015 and June of 2015, so all of the images and videos in question were produced between January 1, 2013 and June of 2015.  The videos and images in which the genitals of CHILD VICTIM 1 were lasciviously displayed were possessed by NUSBAUMER in his email accounts between the dates of February 1, 2015 to June 30, 2015.

21.     All of the above described videos involving **CHILD VICTIM 1 were** produced at MOTHER'S residence, which is located in the Southern District of Indiana.

22.     At all times relevant to the crimes in question, CHILD VICTIM 1was a minor and was also less than 13 years of age.

23.     **Interstate and Foreign Commerce**:  From my training and experience, the cellular phone which **NUSBAUMER** used to produce the images and videos of CHILD VICTIM 1 was not manufactured in Indiana.

24.     **Conclusion**:  Based on my training and experience, and the facts as set forth in this affidavit, there is probable cause to believe that **NUSBAUMER** has committed the offenses described above and I request the Court to issue a Complaint and Arrest Warrant for such offenses.

Further Affiant Sayeth Naught.

_____
Task Force Officer Darin Odier
Federal Bureau of Investigation

Subscribed and sworn to before me on March 24, 2016

Mark J. Dinsmore
United States Magistrate Judge

10